LINCOLN TRACTION COMPANY, APPELLANT, V. CITY OF LINCOLN, APPELLEE.

FILED MAY 7, 1909.  No. 15,741.

Taxation. The decision of the supreme court in the case of *Nebraska Telephone Co. v. City of Lincoln*, 82 Neb. 59, involving principles similar to those involved in this case, approved and followed.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Clark & Allen,* for appellant.

*John M. Stewart,* contra.

*John L. Webster* and *W. W. Morsman,* amici curiæ.

REESE, C. J.

This action was originally commenced in the district court for Lancaster county by the Lincoln Traction Company against the city of Lincoln. The pleadings are quite lengthy and cannot be set out here in full. They may be fairly summarized as follows: It is alleged in the petition that plaintiff is a corporation duly organized under the laws of the state, and defendant is a municipal corporation, a city of the first class having more than 40,000 and less than 100,000 inhabitants; that on the 10th day of December, 1906, the city council of defendant by a majority vote attempted to pass an ordinance entitled "An ordinance providing for and assessing an occupation tax upon all street railway companies operating and maintaining street railway systems in said city of Lincoln, fixing the amount thereof, providing for the enforcement and collection thereof and interest and penalty for non-payment when due and payable, and designating the funds to be credited with the amount so paid"; and that the mayor of said city approved said ordinance on the 13th day of the same month. Section 2 of said ordinance is set out in the petition as follows: "Section 2. That all street railway companies operating and maintaining a system or systems of street railway in the city of Lincoln are hereby required to pay the city of Lincoln as an occupation tax the sum and amount of five per cent. (5%) of the gross receipts of said company derived from its business as a common carrier of passengers and as a street railway company within the corporate limits of the city of Lincoln, payment thereof is to be made as follows: Beginning with January 1, 1907, said company or companies shall on the 15th day of each and every month thereafter pay the city of Lincoln five per cent. (5%) of the gross receipts of said company or companies for the preceding month as hereinbefore provided, as an occupation tax, and all deferred payments shall draw interest at the rate of one per cent. (1%) per

month, and after payment has been in default for six months a penalty of five per cent. (5%) shall be added thereto in addition to the interest charge and shall be paid by said company. *Provided, however,* that any and all companies required under existing ordinances or franchises to pay a certain per cent. of the gross receipts of such company or companies to the city of Lincoln shall be credited by the city treasurer with the amount so paid by such company or companies upon the occupation tax required to be paid by such company or companies under the provisions of this ordinance, and the same shall be deducted therefrom." It is alleged that the proviso that any per cent. of gross receipts paid under existing ordinances shall be credited upon the occupation tax was enacted for the benefit of a street railway corporation known as the "Citizens Railway Company," and which owns and operates a street railway sytsem in the city of Lincoln; that that corporation derives its franchise from an ordinance of the defendant passed February 20, 1905, and approved the 27th of the same month, the title of which is to authorize the sale and transfer to said Citizens Railway Company by the mayor and city clerk of the franchise and property of the Home Street Railway Company owned by the city, and to assign the city's title and interest in a decree of foreclosure in an action pending in the circuit court of the United States for the district of Nebraska, entitled *Fidelity Loan & Trust Company of Sioux City, Iowa, as Trustee v. Home Street Railway Company;* that it was provided in the ordinance that the purchase price should be $1,000 in cash and 1 per cent. of the gross receipts of the business for 15 years, and 2 per cent. thereafter; that there are only two street railway companies in the defendant city, and no other franchises have been granted to other companies; that the ordinance imposing the occupation tax was enacted with exclusive reference to them, and the proviso that the Citizens Railway Company should be allowed credit for the per cent. of gross receipts paid the city under the ordi-

nance of purchase was the inducement to the passage of the ordinance referred to, and without which it would have failed of passage; that the ordinance violates the fourteenth amendment to the constitution of the United States because it deprives the plaintiff of equal protection of the law; that it violates section 6, art. IX of the constitution of Nebraska, because it imposes a tax that is not uniform as to the class specified; that it violates section 1, art. IX of the same constitution, because it imposes a tax for revenue and the tax is not levied by valuation and in proportion to the valuation of plaintiff's property; that the ordinance is void for the further reason that it imposes a double tax on the property of plaintiff, in that it is, in effect, a tax on the franchise, the earnings being the principal basis of the value of the franchise, and the franchise of plaintiff having already been taxed for state, county and municipal purposes by valuation for the same year; that the gross receipts of plaintiff for the year 1907 is about $350,000, and the tax imposed will amount to $17,500; that the par value of the capital stock of plaintiff is $1,030,000, upon which it pays 5 per cent. dividends annually; that taxes of the state, county and city were levied upon its property at that valuation, and in the year 1906 aggregated about $16,000; that the ordinance more than doubles the total tax levied upon valuation, and is void as unreasonable and excessive, and, if enforced, plaintiff will be unable to keep its property in repair and pay reasonable dividends; that the ordinance by its terms requires monthly payments and imposes a 5 per cent. penalty for failure to pay for each month, and also that suit may be instituted for the amount of taxes due for each month, and defendant threatens to and will commence such suits against plaintiff unless restrained by injunction, and that the issuance of such injunction is necessary in order to avoid a multiplicity of suits; that the ordinance provides that, if plaintiff fails to report its gross earnings each month, the tax shall be $2,500 for such months, and that to prevent con-

fiscation of its property it is necessary to resort to a court of equity. The prayer is for an injunction restraining defendant from enforcing the ordinance.

The answer of defendant admits the corporate capacity of both plaintiff and defendant; that the ordinance imposing the occupation tax was passed and approved as alleged; and that the provisions of section 2 of said ordinance are correctly stated. It is alleged that said ordinance is a legal and valid exercise of the power vested by law in the mayor and council of the city, and that the tax is a legal and valid liability against plaintiff. The allegation that said ordinance violates any of the provisions of the constitution of the United States or of this state is denied, and a general denial of all averments of the petition, not admitted, is entered, and defendant prays for an accounting of the amount due, and for judgment against plaintiff for the amount thus found, and that said judgment be decreed a lien upon the property of plaintiff, and that the temporary injunction be dissolved and plaintiff's action be dismissed and for general relief. The cause was tried to the district court, the result being a dismissal of the case. The findings of the court are general, to the effect that the ordinance is valid and the tax a legal liability. The final order is the dissolution of the temporary injunction before that time issued; that plaintiff file with the city clerk of defendant a detailed statement as required by the ordinance, showing its receipts, and that plaintiff pay the tax and penalty in accordance with the provisions of the ordinance. From this judgment plaintiff appeals to this court.

We have thus stated the issues formed by the pleadings in order that the questions at issue may be clearly understood and for the purpose of avoiding the necessity of re-examining many of the questions presented. In the case of *Nebraska Telephone Co. v. City of Lincoln*, 82 Neb. 59, many, if not all, the questions here presented were passed upon in an opinion by Judge LETTON. That case has been thoroughly re-examined on motion for re-

hearing, submitted after elaborate arguments upon carefully prepared briefs, and we have been unable to find that the decision should be molested. This being true, we will be excused from traversing the whole ground again. It is not deemed necessary to here state the points and issues in that decision, as it can be readily referred to, when it will be found that, by substituting the names of the parties in this case for those in that, the legal propositions involved will apply to the one as well as the other.

The ordinance imposing an occupation tax of 5 per cent. of the gross receipts of street railway companies is objected to on account of the provision that companies required by existing ordinances to pay a percentage of their receipts shall be credited with the amount so paid upon the occupation tax. A provision similar to this in its terms was passed upon under a like contention in *Nebraska Telephone Co. v. City of Lincoln, supra,* and it was held that such a provision did not render the ordinance invalid. We consider the holding upon that question in that case decisive of this, as the principle involved is the same. As viewed by the writer, the provision was a legitimate method of equalizing the burdens imposed upon the street railway companies in the nature of an occupation tax and was entirely fair, and was in no sense a discrimination against plaintiff and of which it is in no position to complain. At any rate we adhere to the decision above referred to.

The authority and right of the city to impose an occupation tax for the use and occupation of its streets and the operation of a line of business thereon is also recognized in that decision, and the authority to measure the amount of the tax by the gross earnings of the person or corporation enjoying and making use of that privilege is also maintained, and it is held that the imposition of such occupation tax measured by the gross earnings of the company occupying and using the streets as such privilege, and which franchise is also taxed in connection with its tangible property according to its value as a going con-

cern, does not tax the same property twice, and both taxes were sustained.

An able and elaborate brief has been presented by a friend of the court, which we have perused with care, but do not think it necessary here to review and distinguish the many cases cited. We think there can be no doubt of the power or right of the city, under its charter, the constitution and former holdings of this court, to impose an occupation tax upon the business of a public service corporation within its limits; that the tax may be measured by the earnings of the business, and that such tax is not upon the property. In the telephone case above cited it is said: "A business tax measured by gross earnings is a tax upon the business which is actually performed, and is not a tax upon property in any sense, while a tax levied by valuation on the right to do business is a tax upon property, irrespective of whether or not any business or occupation has been carried on. It seems clear that a property tax based upon the value of the franchise and a business or occupation tax based upon the gross earnings of a public service corporation are in nowise identical as to the subject of taxation, and do not constitute double taxation in any sense." This being true, the occupation tax being based upon, limited and governed by the earnings of the corporation cannot be considered in connection with the property tax and is not objectionable for that reason. For the same reason the 5 per cent. tax upon gross receipts cannot be said to be excessive or confiscatory.

The judgment of the district court must therefore be affirmed, which is done.

AFFIRMED.

ROOT, J.

I concur in the judgment of affirmance, but not in the approval of the proviso in the ordinance levying an occupation tax on street railways. The recitals in the records introduced in evidence disclose that prior to 1905

the city of Lincoln , had granted franchises to several street railway companies whose rights vested in the Home Street Railway Company.   By virtue of a foreclosure suit in the United States circuit court for the district of Nebraska, those franchises and the other properties, real and personal, of the last named company were sold to said city.   In February, 1905, all franchises and other property, tangible and intangible, thus acquired by said city were sold by it to the Citizens Railway Company for the consideration of $1,000 cash and 1 per cent. of the gross receipts of said company during 15 years, and 2 per cent. of said receipts thereafter.   It seems plain that the city did not exercise any legislative function in said transaction.   It did not grant a franchise, because the franchises it transferred had been granted theretofore to the Home Street Railway Company, the North Lincoln Street Railway Company, the Capitol Heights Street Railway Company, the Lincoln Electric Railway Company and the Lincoln Rapid Transit Company, but as proprietor sold what it had theretofore granted, plus the added permission given by the electors of the city to said various companies to operate street railways therein.

In *State v. Citizens Street R. Co.*, 80 Neb. 357, it was held that said transaction was a sale of the property rights of the city.   The provision for payment of a percentage of the gross receipts was unquestionably the chief consideration moving to the city.   The $1,000 cash would not have paid the expense of the elections held whereby consent was given the original holders of the franchises to operate their lines of railway.

There is nothing in the title to, or body of, the ordinance to suggest that the council was exercising legislative power.   If the obligation of the Citizens company to pay for said property is not contractual, then there is no legal power to prevent the council from amending the ordinance and thereby relieve said company from paying the consideration it agreed to pay.   If said obligation is not contractual, then, if the legislature should repeal the

statute authorizing the council to levy and collect occupation taxes in the city of Lincoln, the city could not collect the purchase price of said property even though it were worth thousands of dollars. The logic of the chief justice does not satisfy the writer that the right of the city to its percentage of the receipts of the Citizens Street Railway Company rests on so unstable a foundation as the discretion of the city council or that of the legislature.

The title to the ordinance sought to be enjoined provides for the levy and collection of an occupation tax upon street railways in said city. The proviso can only apply to the Citizens company, and is an attempt to modify the contract between that corporation and the city. Such legislation is not expressed in the title to said ordinance, as required by section 73, ch. 13, art. I, Comp. St. 1905, and is, for that reason, if no other, void.

The remaining part of the ordinance is complete without the proviso, and capable of enforcement. While its burdens are considerable, they are not confiscatory, and the judgment of the district court is properly affirmed.

LETTON, J.

I agree with the foregoing opinion of Judge ROOT.